IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Joseph L. Miller, III, as personal representative of the estate of Evelyn C. Manigault Miller, | ) ) ) | C/A 9:15-3028-BHH-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Berkeley County Sheriff's Office, PFC Jerry Speissegger, officially and individually; AFC Ashe , officially and individually; John Doe(s), officially and individually; Clifford L. McElvogue, officially and individually; H. Wayne DeWitt, officially and individually; Dana Sports, officially and individually; Monica Bracewell, officially and individually; Paul Jones, officially and individually; Kim Morrison, officially and individually; | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| Berkeley County Sheriff's Office; Jerry Speissegger, Jr.; Allen Ashe; Clifford L. McElvogue; H. Wayne DeWitt; Randy Cannon; Duane Wells; Dana Sports; Monica Bracewell; Paul Jones; and Kim Morrison | ) ) ) ) ) ) ) | |
| | ) | |
| Third-Party Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Southern Health Partners, Inc.; Charles A. Bush, M.D.; Thomas P. Brannigan, LPN; Heather Varnadore, LPN; Nina Cruz, LPN; | ) ) ) | |

1



and Courtney Bowman, LPN                )
                                        )
                    Third-Party Defendants.    )
_____)

        This action was originally filed by the Plaintiff in the South Carolina Court of Common Pleas, Berkeley County.  Plaintiff's original Complaint included a federal claim under 42 U.S.C. § 1983, as well as two state law causes of action.  The Defendants removed this matter to Federal Court on July 31, 2015, asserting federal question jurisdiction.  <u>See</u> 28 U.S.C. § § 1331, 1343 and 1441.

        On December 14, 2015, an Order was entered approving settlement as to the Defendant Southern Health Partners, Inc., and dismissing Defendants Bush, Varnadore, Cruz, Bowman, and Brannigan.  <u>See</u> Court Docket No. 34.  Plaintiff thereafter filed an Amended Complaint on February 3, 2016, to which the Defendants filed an answer which also asserted third-party claims.  Thereafter, another Order approving settlement was entered by the Court on May 26, 2016, approving settlement between the Plaintiff and all remaining Defendants and dismissing with prejudice Plaintiff's claims against the remaining Defendants.  <u>See</u> Court Docket No. 66.  As a result of this second Order, the case was closed.  However, an amended Order approving settlement was subsequently entered on June 9, 2016, which noted, <u>inter alia</u>, that the settlement did not impact the continuation of the third party action filed by the Defendants Berkeley County Sheriff Department, Speissegger, Ashe, John Doe(s), McElvogue, DeWitt, Cannon, Wells, Sports, Bracewell, Jones and Morrison against third party Defendants Southern Health Partners, Inc., Bush, Brannigan, Varnadoe, Cruz, and Bowman.  <u>See</u> Court Docket No. 70.  The case was therefore reopened and placed back on the docket.



On June 13, 2016, an Order was entered noting that, after entry of the Orders approving settlement of certain claims and resultant dismissal of parties, the only remaining causes of action in this case are the third party complainants' state law claims against the third party Defendants. That Order further noted that, pursuant to statute, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.". 28 U.S.C. § 1447(c). The parties were therefore given seven (7) days to file any authority with the Court showing why this case should not now be remanded back to state court, and were further advised that if grounds for maintaining this litigation in federal court were not shown, a recommendation for remand would be entered. See Court Docket No. 72. Following entry of this Order, the third party Defendants filed an objection to remand, arguing that instead this Court should dismiss the third party claims being asserted against them, or in the alternative that this Court lacks subject matter jurisdiction and therefore the Complaint should be dismissed in its entirety, rather than remanded. Neither of these arguments address the necessity for remand of this case.

The third party Defendants do not dispute anywhere in their filing that the only claims remaining in this lawsuit are the third party Plaintiffs' pendant state law claims. When federal claims presented in a case originally filed in state court are dismissed, any remaining state law claims should be remanded back to state court for resolution under the general doctrine developed in United Mine Workers v. Gibbs, 383 U.S. 715 (1966). See In Re Conklin, 946 F.2d 306, 324 (4th Cir. 1991); Nicol v. Imagematrix, Inc., 767 F.Supp. 744, 746, 749 (E.D.Va. 1991); Mills v. Leath, 709 F.Supp. 671, 675-676 (D.S.C. 1988); Carnegie-Melon v. Cohill, 484 U.S. 343 (1988); Taylor v. Waters, 81 F.3d 429, 437 (4th Cir. 1996). This doctrine recognizes the state courts's role in determining

3



whether dismissal of state law claims is warranted.  Hence, to the extent the third party Defendants seek dismissal of these remaining claims, that is a decision that should be made by the state court. See Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) ["[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigations"].  Remand of these remaining state law causes of action will not only allow the more appropriate court to rule on these exclusively state law issues, but if dismissal were to be denied, it would be much more appropriate for these state law claims to be considered and tried by the state courts. Mills, 709 F.Supp. at 675-676 [Noting that federal courts should generally decline to exercise pendent jurisdiction over remaining state law claims after dismissal of federal claims in a lawsuit].

Therefore, as all of the federal claims originally asserted in this action have been dismissed, these remaining state law causes of action should be remanded back to state court for disposition. Carnegie-Mellon, 484 U.S. at 350, n. 7 ["[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state law claims."]; Gibbs, 383 U.S. at 726 ["Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well"].

### Conclusion

Based on the foregoing, it is recommended that this case be remanded back to state court for disposition of these remaining state law causes of action. See 28 U.S.C. § 1447 (c) ["If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded"] (emphasis added).

4



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 30, 2016
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

